# EXHIBIT "A"

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ROBERT JEFFERY,<br>on behalf of himself and all others<br>similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHN C. HEATH, ATTORNEY AT LAW,<br>PLLC d/b/a LEXINGTON LAW FIRM, ,<br><br>Defendant. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |

Civil Action File No.

CV17-0039-WA

**Jury Trial Demanded**

## CLASS ACTION COMPLAINT

## INTRODUCTION

1.   Plaintiff, ROBERT JEFFERY ("JEFFERY") seeks redress on behalf of

himself and all others similarly situated who may have received telemarketing

text calls to a cellular telephone made or initiated by Defendant using an

automatic telephone dialing system without the prior express written consent

of the called party.

2.     Plaintiff alleges that Defendant's conduct violated the Telephone Consumer
       Protection Act, 47 U.S.C. §227 ("TCPA"), and the regulations promulgated
       thereunder, 47 CFR § 64.1200.

3.     Defendant violated the TCPA by originating the telemarketing text calls or by
       directing the illegal telemarketing calls be made on their behalf and by
       benefiting from such calls.


## SUBJECT MATTER JURISDICTION

4.     Plaintiff brings this action for violations of the federal Telephone Consumer
       Protection Act pursuant to a private right of actions conferred by Congress.
       *See* 47 U.S.C. § 227(b)(3).

5.     "[F]ederal law is as much the law of the several States as are the laws passed
       by their legislatures. Federal and state law 'together form one system of
       jurisprudence, which constitutes the law of the land for the State[.]'"
       *Haywood v. Drown*, 556 U.S. 729 (2009).

6.     Accordingly, "state courts have inherent authority, and are thus presumptively
       competent, to adjudicate claims arising under the laws of the United States."
       *Id. See also, Schneider v. Sasquehanna Radio Corp.*, 581 S.E.2d 603, 609
       (Ga. App. 2003) ("We recently construed the TCPA as creating a private right

2

of action in Georgia and conferring jurisdiction over such an action upon our state courts.") *citing Hooters of Augusta, Inc. v. Nicholson*, 537 S.E.2d 468, 470 (Ga. App. 2000) ("[W]e will not construe the TCPA in a manner which leaves Georgia citizens without a remedy").

7. "So strong is the presumption of concurrency that it is defeated only in two narrowly defined circumstances: first, when Congress expressly ousts state courts of jurisdiction, [cits.] and second, '[w]hen a state court refuses jurisdiction because of a neutral state rule regarding the administration of the courts,' [cits.] Focusing on the latter circumstance, we have emphasized that only a neutral jurisdictional rule will be deemed a 'valid excuse' for departing from the default assumption that 'state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.'" *Haywood.*

8. Nothing in the TCPA ousts Georgia Courts of jurisdiction.

9. "[T]he constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute." *Asarco v. Kadish*, 490 U.S. 605, 617 (1989).

3

10.   Georgia Courts permit plaintiffs to bring actions specifically authorized by statute regardless of whether or not Article III standing would exist in Federal Court. *See, e.g., Brissey v. Ellison*, 526 S.E.2d 851 (Ga. 2000) (In a case remanded from Federal Court for lack of Article III standing, recognizing that O.C.G.A. § 9-6-24 grants citizens standing to seek an injunction in Superior Court based merely upon the interest of having the laws executed and public duties enforced).

11.   Accordingly, regardless of whether or not the below allegations would be sufficient to establish concrete and particularized injury for jurisdiction in federal courts under Article III, the Supremacy clause in the United States Constitution requires this court to entertain jurisdiction over plaintiff's federal claims without discrimination. *Haywood*.

12.   Notwithstanding, and as detailed below, as a result of Defendant's conduct, Plaintiff has incurred damages and concrete and particularized injuries which are real, actually exist, and are personal to the Plaintiff.  Such injuries were caused by and are traceable to Defendant's conduct, and Plaintiff seeks redress in the form of damages and injunctive relief.

4

## PARTIES AND PERSONAL JURISDICTION

13.   Plaintiff, Robert Jeffery, is a natural person who resides in Chatham County, Georgia and is authorized by law to bring this action.

14.   Defendant, JOHN C. HEATH, Attorney at Law, PLLC d/b/a Lexington Law Firm (hereinafter "LEXINGTON LAW"), is a Utah limited liability corporation with its principal place of business in Salt Lake City, Utah.

15.   LEXINGTON LAW may be served via its registered agent, John C. Heath, 360 N. Cutler Driver, North Salt Lake, Utah 84054.

16.   LEXINGTON LAW is a nationwide provider of credit repair services for pay.

17.   LEXINGTON LAW markets its credit repair products through lending sites and lead generators.

18.   LEXINGTON LAW continually and systematically transacts business within the state of Georgia and specifically does business with consumers in Chatham County, Georgia.

19.   In the course of its business, LEXINGTON LAW regularly uses the telephones to contact consumers in Georgia regarding business matters and/or for telemarketing purposes.

20.   Plaintiff's causes of action arise from text calls initiated by LEXINGTON LAW to his cellular telephone within Chatham County, Georgia.

21.   LEXINGTON LAW is subject to the jurisdiction and venue of this court.

22.   Other defendants, including any lead generator, may be discovered in the course of litigation. As such, Plaintiff respectfully requests that this Court permit the addition of later discovered Defendants upon motion.

## STATEMENT OF FACTS

23.   Plaintiff has been the sole subscriber and regular user of cellular telephone service for telephone number (912) 481-5750 for a period in excess of four years.

24.   In the four year period preceding the filing of this action, LEXINGTON LAW has initiated telephone calls and text calls to Plaintiff's cellular telephone number.

25.   In the four year period preceding the filing of this action, LEXINGTON LAW has paid for calls from a lead generator on its behalf and as its agent which made one or more telephone calls to Plaintiff's cellular telephone number.

26.   In the four year period preceding the filing of this action, LEXINGTON has initiated a series of text calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

27. LEXINGTON used an automatic telephone dialing system to initiate telemarketing text calls to Plaintiff's cellular telephone number in order to market its credit repair services.

28. In the four year period preceding the filing of this action, LEXINGTON LAW has initiated automatic text calls to Plaintiff's cellular telephone number which attempt to market its credit repair services.

29. On or about March 22, 2014, Plaintiff was contacted on his phone by a lead generator for telemarketing purposes.

30. During the call with the lead generator, it was suggested that LEXINGTON LAW could repair his credit.

31. During the call with the lead generator, Plaintiff was connected into a three way conversation with a person who purportedly was an employee of LEXINGTON LAW.

32. Plaintiff had no existing relationship with LEXINGTON LAW.

33. Plaintiff has never authorized LEXINGTON LAW to contact him on his cellular telephone.

34. LEXINGTON LAW's agent aggressively attempted to sell him their credit repair service in which he would purchase a full credit report, pay a one time initiation fee and then pay a recurring monthly fee.

35.   Upon hearing the payment terms from the LEXINGTON employee, Plaintiff expressed disinterest in the credit repair services and told them he would call them only if he was later interested.

36.   The LEXINGTON LAW employee stated he would not make future telephone contact with Plaintiff during the call.

37.   LEXINGTON LAW did not honor their employees promise not to call.

38.   Shortly after he was told he would not received any further calls, he received his first text call from LEXINGTON LAW.

39.   All text calls from LEXINGTON LAW were without express written consent.

40.   There is no written agreement between LEXINGTON LAW and the Plaintiff or the putative class members which contains the signature of the called party that clearly authorizes LEXINGTON LAW to deliver telemarketing messages using an automatic telephone dialing system.

41.   In the alternative, any purported written agreement did not contain a clear and conspicuous disclosure informing the person signing the agreement that (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and that (B) The person is not required to sign the agreement (directly or indirectly), or agree to

8

enter into such an agreement as a condition of purchasing any property, goods, or services.

42. All text calls from LEXINGTON LAW came after Plaintiff expressly requested LEXINGTON LAW not to contact him on his cellular telephone.

43. During the 8 months after he received the initial telemarketing call, Plaintiff received a series of at least 17 automated text telemarketing solicitations from LEXINGTON LAW.

44. For instance, On April 25, 2014 at 12:30PM, plaintiff received a text call stating "This is Gerard with Lexington Law.  We should go over your Credit Summary Report.  Call me now and save $50: 855-255-1328 Txt STOP to quit."

45. On April 26, 2014 at 12:35PM, plaintiff received a text call stating "Its Gerard w/ Lexington.  Save $50 by signing up online in the next 24hrs lexabc.com/25discount2?CRK625 or call 855-255-1958. Txt STOP to quit."

46. On May 2, 2014 at 12:40PM, plaintiff received a text call stating "This is Gerard with Lexington Law.  We've removed millions of inaccurate credit report items.  Let us help you.  Call me at 855-200-7984. Txt STOP to quit."

47. LEXINGTON LAW stores a database of contact information, including the telephone numbers of prospective leads.

48. When engaging in a text call campaign, LEXINGTON LAW uses equipment which generates telephone numbers to be called from the stored database or campaign file dialing list.

49. The telephone numbers to be called are not manually generated by human selection at the time the call is made, such as would happen if a natural person were selecting a telephone number from a contact list to be dialed.

50. Rather, the equipment itself generates the telephone numbers to be called from the stored database in the sequence that the equipment was programmed to dial the numbers.

51. LEXINGTON LAW's equipment used to make the text calls dials the numbers.

52. LEXINGTON LAW's equipment used in the text call campaigns has the capacity to dial from a list of stored telephone numbers without human intervention.

53. LEXINGTON LAW's text calls to Plaintiff, and to the class, were initiated using its automatic telephone dialing system (ATDS).

54. LEXINGTON LAW did not have Plaintiff's prior express consent to contact him on his cellular telephone using an automatic telephone dialing system.

55.  LEXINGTON LAW continued to initiate calls to Plaintiff's cellular telephone number using an automatic telephone dialing system after Plaintiff asked it to stop calling on March 22, 2014.

56.  LEXINGTON LAW initiated calls to Plaintiff, and to the class, using an automatic telephone dialing system without the prior express consent of the called party.

57.  Generally, text calls are not delivered to wireline telephone numbers.

58.  By making text calls, LEXINGTON LAW knew or should have known that the telephone numbers it was calling were cellular telephone numbers.

59.  Prior to the March 22, 2014 text call, and certainly after it, LEXINGTON LAW knew or should have known that (912) 481-5750 was a cellular telephone number.

60.  In the alternative, LEXINGTON LAW should have conducted a simple cellular telephone number scrub using a recognized database, such as Neustar, to determine that (912) 481-5750 was a cellular telephone number.

61.  Continuing to initiate calls to cellular telephone numbers without conducting a cellular scrub, particularly after a request to cease doing so, was in reckless disregard of LEXINGTON LAW's obligations under the TCPA.

62.   It was the intent of LEXINGTON LAW to initiate the text calls to (912) 481-5750.

63.   All text calls made by LEXINGTON LAW to Plaintiff's and to the class members' cellular telephone numbers were knowingly and willfully initiated.

64.   LEXINGTON LAW had actual or constructive knowledge that it lacked the prior express consent of Plaintiff and class members when it used an automatic telephone dialing system to initiate text calls to their cellular telephone numbers.

65.   The above-described text calls to Plaintiff and to the class members cellular telephone numbers were not initiated by accident or mistake.

66.   Manufacturers and vendors of dialing software, hardware and equipment, such as that employed by LEXINGTON LAW, routinely provide their clients manuals and other media concerning TCPA compliance, in particular scrubbing or flagging of cellular telephone numbers.

67.   Moreover, LEXINGTON LAW has been a defendant in several TCPA lawsuits in the past; and as such, should have been aware of the TCPA and its compliance obligations thereunder.

68.   The text calls to Plaintiff's cellular telephone, and to class members, were initiated intentionally using an automatic telephone dialing system.

69. The text calls to Plaintiff's cellular telephone, and to class members, were initiated willfully and/or knowingly using an automatic telephone dialing system.

70. LEXINGTON LAW's use of an automatic telephone dialing system to initiate text calls to cellular telephones did not result from accident or mistake.

71. Plaintiff did not desire to receive such text calls to his cellular telephone numbers and he suffered particularized and concrete injuries as a result including, but not limited to, annoyance, nuisance, harassment, invasion of privacy, intrusion upon seclusion, and trespass or occupation of his telephone line.

72. Members of the Class suffered the same concrete and particularized injuries as the Plaintiff.

73. Moreover, Congress has statutorily elevated the rights of consumers to be free from and legally protected against the types of calls which violate the TCPA, and LEXINGTON LAW has harmed the named Plaintiff and class members by invading this legally protected right.

74. All conditions precedent to bringing this action have been complied with.


**CLASS ALLEGATIONS**

75. This action is brought on behalf of a class defined as (i) all persons to whom a text call was initiated by or on behalf of LEXINGTON LAW (ii) to such person's cellular telephone number (iii) using the same or similar telephone dialing system(s) used by Defendant, or any person on its behalf, to call (912) 481-5750 (iv) in the four year period preceding the filing of this action, through the date of class certification.

76. Plaintiff alleges a subclass of all such persons who cellular telephone numbers were obtained by LEXINGTON LAW from the same source from which it obtained telephone number (912) 481-5750.

77. The exact size of the class is information within the exclusive knowledge of the Defendant.

78. The class is so numerous that joinder of all members is impractical.

79. The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based upon the following information: 1) Plaintiff himself received at least 17 text calls to his cellular telephone from LEXINGTON, indicating Defendant did not scrub to remove cellular telephone numbers; 2) the very purpose of automated dialers is to call numerous persons in a short amount of time, and Plaintiff received multiple text calls to his cellular

14

telephone; and 3) the sheer size and scope of LEXINGTON's nationwide marketing campaigns.

80.   There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a.   Whether the text calls made and distributed by or on behalf of Defendants violate 47 U.S.C. § 227?

    b.   Whether LEXINTON LAW's dialing system(s) used to text call plaintiff and the class constitute an automatic telephone dialing system under the TCPA; and

    c.   Whether the text calls were made knowingly or willfully.

60.   The claims of the Plaintiff are typical of those of the class members.  All are based on the same facts and legal theories.

61.   Plaintiff will fairly and adequately protect the interests of the class.  He has retained counsel experienced in handling TCPA robocall and robotext actions and class actions.

62.   Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

63.   Certification of the class under Fed. R. Civ. P. 23 is appropriate in that:

a.  The questions of law or fact common to the members of the class predominate over any questions affecting an individual member;

b.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendant's autodialed calls to their cellular telephones in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail;

c.  Absent a class action, many members of the class will likely not even obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendant's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

64.  Plaintiff requests certification of a class pursuant to Fed. R. Civ. P. 23(b)(3) for his claims of monetary damages.

65.  Defendant has acted on grounds that apply generally to the class making final injunctive relief appropriate to the class as a whole.

66.  Plaintiff requests certification of a class pursuant to Fed. R. Civ. P. 23(b)(2)

for his claims for injunctive relief.

## CAUSES OF ACTION

## COUNT ONE: MONETARY DAMAGES PURSUANT TO 47 U.S.C. § 227(b)(3)(B) FOR IMPROPER USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM

81. The acts of Defendant constitute violations of the Telephone Consumer Protection Act's prohibitions on the use of automatic telephone dialing systems and the regulations promulgated thereunder.

82. Defendant used an automatic telephone dialing system when it made and/or initiated telephone calls, including text calls, to plaintiff's cellular telephone number.

83. Defendant's violation of the TCPA include, but are not limited to making and/or initiating text calls using an automatic telephone dialing system...to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

84. As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of damages of $500.00 for each such violation.

85. Defendant's violations were committed willfully and knowingly.

86.   Plaintiff, on behalf of himself and the class, requests the court treble damages

pursuant to 47 U.S.C. §227(b)(3).

## COUNT TWO:  INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C.
## §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF
## AUTOMATIC TELEPHONE DIALING SYSTEM

87.   The acts described above constitute violations of the Telephone Consumer

Protection Act by Defendant's use of an automatic telephone dialing system to

make and/or initiate calls to Plaintiff's and to class members' cellular

telephone numbers.  As evidenced by Defendant's continuous calling of

Plaintiff, in violation of the TCPA, Defendant's policies and procedures

violate the TCPA on a continuing basis.

88.   Based on Defendant's pattern and practice of violating the TCPA, future

violations will continue.

89.   The only way to prevent the Defendant from continuing to violate the TCPA

is to enjoin the defendant from further use of automatic telephone dialing

system.

90. Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from use of an automatic telephone dialing system in the future.

91. In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of an automatic telephone dialing system without the prior express written consent of the called party in the future.

## COUNT THREE: BAD FAITH ATTORNEY FEES

92. Defendant willingly, knowingly, and intentionally violated the TCPA in making autodialed telephone calls to Plaintiff's and class member's cellular telephone numbers without the parties' prior express consent.

93. "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

94. "There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather, 'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees' even when only a federal law claim for damages is submitted to the finder of

fact." *Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

95.   Defendant has acted in bad faith, been stubbornly litigious or caused the Plaintiff, and the class members, unnecessary trouble and expense, and as such, Plaintiff and the class members are entitled to an award of litigation expenses, including a reasonable attorneys' fee, pursuant to O.C.G.A. § 13-6-11.

## JURY TRIAL DEMAND

96.   Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

97.   Plaintiff hereby demands that the Defendant take affirmative steps to preserve all telephone recordings, data, emails, other recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the

litigation of this claim.  If Defendant is aware of any third party that has

possession, custody or control of any such materials, Plaintiff demands that

Defendant request that such third party also take steps to preserve the

materials.  This demand shall not narrow the scope of any independent

document preservation duties of the defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

himself and the class he seeks to represent against Defendant, as follows:

A.    Certification of this matter to proceed as a class action;

B.    That Plaintiff and the class be awarded damages in the liquidated
       amounts provided by statute;

C.    That Plaintiff and the class be awarded treble damages;

D.    In order to ensure plaintiff and members of the class do not receive
       future calls like those delineated here, that the defendant be
       permanently enjoined from making telephone calls using the
       equipment used to call plaintiff, without the prior express consent of
       the called party.

E.    In order to ensure plaintiff and members of the class do not receive
       future calls like those delineated here, that defendant be subjected to

formal quarterly reviews through an independent third-party auditor as to compliance with the injunction above, and submit such audits to plaintiff's counsel and the Court;

F. In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that defendant be required to keep track of any allegation by any person that they may have been called without their consent. Each such allegation shall be investigated by the defendant, and the results of such investigation, including what equipment was used to make such calls, shall be included in the complaint database. The complaint database shall be submitted on a quarterly basis along with the independent auditor's report.

G. That Plaintiff and members of the class be awarded the expenses of litigation, including a reasonable attorneys' fee.

H. That Plaintiff and members of the class be awarded such additional relief as deemed just and proper.

Respectfully submitted,

SKAAR & FEAGLE, LLP

By: _____
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
Cliff R. Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
Tel:   (404) 373-1970
Fax:   (404) 601-1855

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
Tel:   (770) 427-5600
Fax:   (404) 601-1855

ATTORNEYS FOR PLAINTIFF

01/10/2017  2:49 PM FAX  4046011655            SFLLP            ☒0002/0002

# RULE 3.2 CERTIFICATION AND STANDING ORDER NOTICE

**Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules, I hereby certify that:**
(CHECK ONE)

[✓] no case has heretofore been filed in the Superior Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

OR

[ ] this petition-pleading involves substantially the same parties or substantially the same subject matter or substantially the same factual issues as in case # _____.

Robert  Jeffery _____ (Plaintiff) vs. _John C. Heath, Attorney at Law, PLLC d/b/a Lexington Law Firm_ (Defendant)

This __10th__ day of __January_____, 20 _17_.

_James M Feagle._ _____ Attorney/Plaintiff

— — — — — — — — — — — — — — — — — — — — — — — — — — —

## Notice of Eastern Judicial Circuit Standing Orders

**YOU MUST SERVE THIS NOTICE UPON THE OPPOSING PARTY** together with the initial filing of suit, counterclaim, crossclaim or interpleader. The Superior Court has adopted the following STANDING ORDERS which may apply to you and which may affect your ability to obtain a hearing:

1. **MANDATORY MEDIATION ORDER**, effective January 3, 2011: This order requires parties to mediate their case prior to the pretrial conference or trial. Certain limited cases are exempt from the mediation requirement. Please secure a copy of the mediation order and determine if it applies to your case.
2. **ORDER ON PRODUCTION OF DOCUMENTS**, effective March 15, 2002 and reinstated January 3, 2011: This order applies to all domestic cases in which temporary or permanent financial relief is sought. The order requires the parties in such cases to exchange certain documents listed in the order within a specified time frame. A copy of the production of documents order must be served upon the defendant together with the complaint and summons.
3. **TRANSITIONAL PARENTING SEMINAR ORDER**, effective March 10,2010 and reinstated January 3, 2011: This order requires the parties in certain domestic cases involving the interest of children under 18 years of age to complete the "Transitional Parenting Seminar". Please secure a copy of the mediation order and determine if it applies to your case.

**COPIES OF THE STANDING ORDERS ARE AVAILABLE AT THE OFFICE OF THE CLERK OF SUPERIOR COURT OR AT:**

http://www.chathamcounty.org/department_freeform_T7_R132.html

FORM 3.2 REVISED JAN 2011

Served this _S/C_ ___ on the within
named _John C Heath_
on the _26_ day of _Jan_ 20 _17_
at Davis County, Utah
TODD RICHARDSON
Sheriff, Davis County, Utah
451-4100
By _____ Deputy

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

ROBERT JEFFERY, on behalf
of himself and all others
similarly situated,

            **PLAINTIFF**

          **VS.**

JOHN C. HEATH, ATTORNEY AT
LAW, PLLC, d/b/a LEXINGTON
LAW FIRM,

          **DEFENDANT**

CIVIL ACTION
NUMBER ___CV17·CO39-WA___

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

      You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is:

               **SKAAR & FEAGLE, LLP**
               **2374 Main Street, Suite B**
               **Tucker, GA 30084**

an answer to the complaint which is herewith serve upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____10TH_____ day of _JANUARY_ , _2017_ .

By _____
               **Deputy Clerk**

# Davis County Sheriff's Department
## Return of Service

FILED IN OFFICE

2017 FEB -6  AM 9: 25

_[signature]_

_[illegible] SUPERIOR CT._

STATE OF UTAH          }

                       }   SS.

COUNTY OF DAVIS        }

Plaintiff.
ROBERT JEFFERY, ON BEHALF OF HIMSELF AND
ALL OTHERS SIMILARLY SITUATED

Defendant:
JOHN C HEATH ATTORNEY AT LAW PLLC D/B/A
LEXINGTON LAW FIRM

I hereby certify and return that I received the attached Summons/Complaint

on 01/20/2017 00:00 and that I duly served a copy of said Summons/Complaint on the Defendant

JOHN C HEATH ATTORNEY, on 01/20/2017 12:35 at 360 N CUTLER DR NORTH SALT LAKE, UTAH  84054,

County of Davis, State of Utah, by delivering to and leaving with CLAUDIA ITANEHUE (Office)

a true and correct copy of said Summons/Complaint.

I further certify that at the time  of such service I was a deputy

sheriff and that I was eighteen years old or older.

I further certify that at the time of such service on the copy of the Summons/Complaint

so delivered, I duly subscribed the date and my name and my offical title.

Dated at Farmington, County of Davis, State of Utah this 1/23/2017 09:04:19.

Todd Richardson, Sheriff of Davis County, State of Utah,
By Deputy  Sheriff:
THACKER, DAVID

Subscribed and sworn to before me on this

01/23/2017

Court file #  CV17-0039-WA
Paper #  109390

_[signature]_

NOTARY PUBLIC
Residing at: Farmington, Utah
My commission expires: 3-1-18

| Charge | Amount |
| --- | --- |
| PAPER FEE | 20.00 |
| NOTARY | 5.00 |
| MILEAGE | 35.00 |

ROBYN GRUBER
NOTARY PUBLIC STATE OF UTAH
COMMISSION# 674087
COMM. EXP. 03-01-2018

Address served to:

360 N CUTLER DR

NORTH SALT LAKE

ENTERED BAW     FEB 0 8 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| **ROBERT JEFFREY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **Civil Action No.** |
| **JOHN C. HEATH, ATTORNEY AT LAW,** | ) |
| **PLLC d/b/a LEXINGTON LAW FIRM,** | ) |
| | ) |
| **Defendant.** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of **Defendant's Notice of Removal** upon all parties to this matter by using the CM/ECF system which will send a notice of electronic filing to the following:

James M. Feagle
Cliff Dorsen
Skaar & Feagle, LLP
2374 Main Street, Suite B
Tucker, Georgia  30084

Justin T. Holcombe
Kris Skaar
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, Georgia  30189

This 17th day of February, 2017.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

*/s/ Kirby G. Mason*
Kirby G. Mason
Georgia Bar No. 302310

Attorney for Defendant

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ROBERT JEFFREY | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. CV17-0039-WA |
| | ) |
| JOHN C. HEATH, ATTORNEY AT LAW, | ) |
| PLLC d/b/a LEXINGTON LAW FIRM, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:     Clerk, Superior Court of Glynn County, Georgia

1.      Please take notice that on February 17th, 2017, Defendant John C. Heath, Attorney at Law, PLLC d/b/a Lexington Law Firm filed their Notice of Removal of the case styled *Robert Jeffrey v. John C. Heath, Attorney at Law, PPLC d/b/a Lexington Law Firm*, Civil Action Number CV17-0039-WA to the United States District Court for the Southern District of Georgia, Savannah Division.  The case has been pending in the Superior Court of Chatham County, Georgia.

2.      Written notice of the filing of the Notice of Removal is being provided to you pursuant to the requirements of 28 U.S.C. § 1446.

3.      A duplicate copy of the Notice of Removal filed with the United States District Court for the Southern District of Georgia is attached hereto as "Exhibit A."

This 17th day of February, 2017.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

*Kirby Mason*
_____
Kirby G. Mason
Georgia Bar No. 302310
Attorneys for Defendant

Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

ROBERT JEFFREY

        Plaintiff,

vs.

JOHN C. HEATH, ATTORNEY AT LAW,
PLLC d/b/a LEXINGTON LAW FIRM,

        Defendant.

)
)
)
)
)
)
)
)
)

**Civil Action No. CV17-0039-WA**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of **Notice of Filing of Notice of Removal** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly addressed to the following:

James M. Feagle
Cliff Dorsen
Skaar & Feagle, LLP
2374 Main Street, Suite B
Tucker, Georgia  30084

Justin T. Holcombe
Kris Skaar
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, Georgia  30189

This 17th day of February, 2017.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

*Kirby Mason*

Kirby G. Mason
Georgia Bar No. 302310

Attorney for Defendant

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261

1086326-1 990000040.1

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ROBERT JEFFREY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Civil Action No. CV17-0039-WA** |
| | ) |
| **JOHN C. HEATH, ATTORNEY AT LAW,** | ) |
| **PLLC d/b/a LEXINGTON LAW FIRM,** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE TO JUDGES OF REMOVAL TO FEDERAL COURT

TO:    JUDGES OF THE SUPERIOR COURT OF CHATHAM COUNTY:

Please take notice that **JOHN C. HEATH, ATTORNEY AT LAW, PLLC d/b/a LEXINGTON LAW FIRM** in the above-styled matter originally pending in the Superior Court of Chatham County, State of Georgia, as Civil Action Number CV17-0039-WA, did on the 17th day of February, 2017 file in the United States District Court for the Southern District of Georgia, Savannah Division, its Notice of Removal of said case to said Court. A copy of said Notice and Exhibits are attached hereto as Exhibit "A."

This 17th day of February, 2017.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

Kirby Mason

Kirby G. Mason
Georgia Bar No. 302310

Attorneys for Defendant

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ROBERT JEFFREY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. CV17-0039-WAS |
| | ) |
| JOHN C. HEATH, ATTORNEY AT LAW, | ) |
| PLLC d/b/a LEXINGTON LAW FIRM, | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of **Notice to Judges of Removal to Federal Court** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly addressed to the following:

James M. Feagle
Cliff Dorsen
Skaar & Feagle, LLP
2374 Main Street, Suite B
Tucker, Georgia  30084

Justin T. Holcombe
Kris Skaar
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, Georgia  30189

This 17th day of February, 2017.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

_Kirby Mason_

Kirby G. Mason
Georgia Bar No. 302310

Attorney for Defendant

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261

1086323-1 990000040.1